UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MARK WAYNE MILLER** | ] | |
|     **Plaintiff,** | ] | |
| **v.** | ] | **No. 3:17-cv-0745** |
| | ] | **Judge Trauger** |
| **RUTHERFORD COUNTY SHERIFF'S** | ] | |
| **DEPARTMENT** | ] | |
|     **Defendant.** | ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Facility in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Rutherford County Sheriff's Department, seeking damages.

According to the complaint, the plaintiff is serving a two year sentence for an undisclosed crime. He alleges that he has not been given credit for some of the time that he has already served on that sentence.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

1

A county sheriff's department is not a person that can be sued under 42 U.S.C. § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007), *see also* Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Rutherford County, the entity responsible for the operation of the Detention Facility. However, for Rutherford County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint.

In any event, a prisoner does not state a cognizable claim under 42 U.S.C. § 1983 if a ruling on his claim would necessarily shorten the duration of his confinement, until and unless the length of his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).

To grant the plaintiff relief under § 1983, the Court would have to find that he has been denied accrued credits that would shorten his period of confinement. Nowhere in the complaint does it

2

suggest that the plaintiff has already successfully tested the length of his confinement in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in a § 1983 action.

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge